IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GRADY LASSITER, Jr.,**

    **Petitioner,**

v.                                                             Criminal No. 2:01cr154
                                                                      Civil No. 2:06cv473

**UNITED STATES of AMERICA,**

    **Defendant.**

## OPINION & ORDER

This matter is before the Court on Petitioner's motion styled as one under Federal Rule of Civil Procedure 60(b) ("Petitioner's Motion"). Doc. 35. Petitioner asks the Court to reconsider its denial of his prior motion under 28 U.S.C. § 2255. Id. For the reasons stated herein, the Court **CONSTRUES** Petitioner's Motion as a second or successive motion pursuant to 28 U.S.C. § 2255 and Petitioner's Motion is therefore **DISMISSED**.

### I. Procedural History

On August 13, 2001, Petitioner was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of marijuana, in violation of 21 U.S.C. § 844(a). Doc. 7. A jury convicted Petitioner on both counts on November 1, 2001. Doc. 13. On March 18, 2002, the Court sentenced Petitioner to one-hundred twenty (120) months' imprisonment on the firearms count and twenty (20) months' on the marijuana count, to be served consecutively. Doc. 14. Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on September 4, 2002. Doc. 20.

On June 18, 2003, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). Doc. 21. Petitioner raised several grounds of constitutionally ineffective assistance of counsel and alleged that the Court improperly applied the Federal Rules of Evidence on several occasions. Doc. 22. The Court ordered the United States to reply to Petitioner's motion, which it did on September 24, 2003, and Petitioner rebutted the Government's reply on October 14, 2003. Docs. 26 & 28.

On October 30, 2003, the Court denied Petitioner's § 2255 motion. Doc. 29. Petitioner appealed the Court's order. Doc. 30. The United States Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability and dismissed Petitioner's appeal of this Court's October 30, 2003, order. Doc. 31. The Fourth Circuit also denied Petitioner's requests for rehearing and rehearing en banc. Doc. 33.

On July 20, 2005, Petitioner filed the present motion to reconsider the Court's October 30, 2003, order denying Petitioner's § 2255 motion, pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[1]  Doc. 35.

## II.  Rule 60(b) Motions on Collateral Review

Petitioner has moved the Court for relief pursuant to Rule 60(b)(2), Rule 60(b)(3), and Rule 60(b)(6). These rules respectively allow the Court to "relieve a party . . . from . . . [an] order" due to newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); due to fraud, . . . misrepresentation, or other misconduct of an adverse party; or due to any other reason justifying relief from the operation of

---

[1] In light this Opinion & Order, Petitioner's motion of July 26, 2006, is hereby **DENIED** as **MOOT**.

the [order]." Ruble 60(b)(2), (b)(3), & (b)(6).  Motions under Rule 60(b)(2) and Rule 60(b)(3) must be made not more than one year after entry of the order subject to the motions; motions under Rule 60(b)(6) must be made "within a reasonable time" after entry of the order subject to the motion.

The Court may construe a Rule 60(b) motion as a second or successive § 2255 motion when the Rule 60(b) motion contains grounds for relief from the underlying conviction that were not raised in Petitioner's original § 2255, or if the Rule 60(b) motion attacks the Court's prior resolution of the merits of Petitioner's original § 2255.  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  Were the Court to so construe Petitioner's Rule 60(b) motion, the Court would lack jurisdiction to hear Petitioner's motion absent a certificate of appealability from the Fourth Circuit.  However, not all Rule 60(b) motions may be so construed: a motion that attacks only the collateral review process does not run afoul of the above circumstances. Winestock at 206-07 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.").

If a purported Rule 60(b) motion seeks both to remedy a purported defect in the collateral review process and to challenge either the validity of the underlying criminal judgment or the merits for denying an original § 2255 motion, the Court must treat the entire motion as a successive § 2255, as to which the Court would have no jurisdiction absent a certificate of appealability from the Fourth Circuit.  See id. at 205.  The proper remedy in such a situation would be to give Petitioner "an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application."  Id. at 207; see also Reid v. Angelone, 369 F.3d 363, 375 (4th Cir. 2004) (citing Winestock, 340 F.3d at 205-07).  The Court

therefore must first determine whether to construe Petitioner's motion as a motion properly made pursuant to Rule 60(b).

### III. Petitioner's Motion

#### A. "Ground One"

Petitioner advances several arguments in support of his purported Rule 60(b) motion. Petitioner's arguments labeled "Ground One" attack the Court's resolution of the allegation in his § 2255 that his counsel was constitutionally ineffective for failing to object to the application of the United States Sentencing Guidelines. Doc. 36 at 7-8. See Doc. 29 at 7. Petitioner also raises a new argument, that counsel should have objected to the Sentencing Guidelines, because the mandatory application of the Guidelines was subsequently held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Id. The arguments do not allege a defect in the collateral review process, but instead go to the merits of Petitioner prior § 2255 claims. Therefore, these arguments are not properly made pursuant to Rule 60(b). See Winestock, 340 F.3d at 207.

#### B. "Ground Two"

"Ground Two" of Petitioner's Motion concerns the Court's resolution of his § 2255 claim that his counsel was constitutionally ineffective for failing to call a particular witness at trial. Doc. 36 at 9-13; see Doc. 29 at 7-8. The United States had responded to this particular § 2255 claim with the affidavit of Petitioner's former counsel, in which his former counsel averred that Petitioner had not wanted to call the witness prior to trial, had changed his mind at trial, and counsel made a tactical decision at trial not to call the witness. Doc. 29 at 8. Petitioner now argues that his former counsel was lying in her affidavit and that his counsel failed to interview the witness. Id. at 10. As was the case with Petitioner's "Ground One" arguments, these

4

"Ground Two" arguments do not allege a defect in the collateral review process, but instead go to the merits of Petitioner prior § 2255 claims. Therefore, these arguments are also not properly made pursuant to Rule 60(b). See Winestock, 340 F.3d at 207.

### C. "Ground Three"

"Ground Three" of Petitioner's Motion also alleges that his former counsel lied in her affidavit to the Court, this time in relation to her averment that she advised Petitioner to stipulate to the fact of his former felony convictions, but Petitioner refused to do so. Doc. 36 at 13-14; see Doc. 29 at 12. Petitioner's trial was held on October 31 and November 1, 2001. Petitioner cites to a September 16, 2002, letter from his former counsel, which suggests that he pursue the issue of the admission of his former felony convictions in a petition for a writ of certiorari before the Supreme Court, as evidence that she never advised him to stipulate to the prior convictions at trial. Doc. 36 at 13-14. As with Petitioner's arguments discussed above, this "Ground Three" argument does not allege a defect in the collateral review process, but instead goes to the merits of a prior § 2255 claim. Therefore, this arguments is also not properly made pursuant to Rule 60(b). See Winestock, 340 F.3d at 207.

### D. Remaining Grounds

In addition to the three grounds discussed above, Petitioner argues that relief is warranted under Rule 60(b)(6) because Petitioner was "going through medical procedures and health issues at the time he was working on his § 2255." Doc. 36 at 4, 6, & Exs. 4-7. Petitioner filed his § 2255 motion on June 18, 2003; Petitioner alleges that he was in considerable pain while preparing his motion and that he underwent neck surgery to remove a cyst from his thyroid gland on December 12, 2003. Id.

5

Petitioner does not allege that this illness impacted his ability to comply with the procedures adopted by the Court in considering his § 2255 motion. Petitioner's § 2255 was timely filed on June 18, 2003; his rebuttal to the Government's reply was timely filed on October 14, 2003; his appeal was timely noted on November 6, 2003; and his motions in the Fourth Circuit for rehearing and rehearing en banc were timely filed on August 24, 2004. There is nothing in the record to indicate that Petitioner ever submitted to the Court that his condition adversely impacted his ability to comply with the § 2255 procedures. Therefore, the Court **FINDS** that Petitioner's arguments concerning his health do not allege a defect in the collateral review process, and are therefore not properly made pursuant to Rule 60(b)(6).

Petitioner also argues that relief under Rule 60(b)(6) is warranted because he is a pro se petitioner subject to "less stringent standards." Id. at p.4. As the Court never held Petitioner to be in procedural default, it appears that Petitioner is arguing that his arguments ought to be subject to a lesser burden on the merits because of his pro se status. Petitioner's arguments concerning his pro se entitlements therefore go to the merits of the Court's denial of his § 2255, and are not properly made pursuant to Rule 60(b)(6).

### E. Proper Construction of Petitioner's Motion

As all of the arguments advanced by Petitioner's purported Rule 60(b) motion go to the merits of the Court's prior denial of Petitioner's § 2255, the Court hereby **CONSTRUES** Petitioner's entire motion as a second or successive motion under § 2255. The Court is without jurisdiction to consider the merits of Petitioner's present § 2255 motion, absent a certificate of appealability from the Fourth Circuit. Petitioner's motion is therefore **DISMISSED**.

## IV. Conclusion

Petitioner's Motion is **CONSTRUED** as a second or successive motion under 28 U.S.C. § 2255.

Petitioner's Motion is **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion & Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion & Order. If Petitioner wishes to proceed in forma pauperis on appeal, Petitioner should submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia, 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
August 14, 2006